Francisca Lopez LEMUS, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–76768.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Mina Rhee, United States Attorney's Office, Atlanta, GA, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM**

Francisca Lopez–Lemus, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252(a)(1). We review for substantial evidence, *Molina–Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001), and we

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's determination that Lopez–Lemus was not eligible for asylum because she failed to show that her assault, the continued threats, and the abduction of her children, constituted persecution "on account of" a political opinion imputed to her by the guerillas. *See Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001). Although Lopez–Lemus's fear of continued retribution by the guerillas may be genuine, she failed to offer any evidence that supports, much less compels, a conclusion that her assailants pursued her for any other reason than to silence a witness to their crime. *See Molina–Morales,* 237 F.3d at 1052 (stating that personal retribution is not persecution on account of political opinion).

Even if Lopez–Lemus had been able to show that she was persecuted on account of a protected ground, substantial evidence supports the IJ's determination that changed country conditions in Guatemala undermine the petitioner's fear of future persecution. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998–99 (9th Cir. 2003) (holding that the State Department Country Report constituted substantial evidence to support the BIA's finding of changed country conditions in Guatemala).

■ We lack jurisdiction to consider Lopez–Lemus's contention that she is eligible for a special humanitarian grant of asylum based on the severity of her past persecution because Lopez–Lemus failed to exhaust that claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 676 (9th Cir.2004).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**